FRANK ZORRILLA, ETC., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, MANUEL A. MOREDA, JUDGE, Respondent.

No. C-64-84.     Decided March 11, 1965.

---

Manuel Janer Mendía, Rafael Marzán Robles, and Néstor Barbosa Vargas for petitioner. Ángel S. Pérez González for the employer.

Division composed of Mr. Acting Chief Justice Pérez Pimentel, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On February 14, 1964 the Secretary of Labor, availing himself of the special proceeding provided by Act No. 2 of October 17, 1961, 32 L.P.R.A. § 3118 *et seq.* (Supp. 1963, p. 51), filed a complaint in the Superior Court, San Juan Part, in the name and on behalf of workman Isabelo del Valle. The latter claimed $1,379.56 from Alfonso López Carrasquillo for differences in wages and extra hours worked. On April 3 defendant appeared in court and requested a 30-day extension through an unverified motion in which he stated that:

"Defendant has been surprised in his good faith by the filing of this complaint, inasmuch as the case had been decided satisfactorily in its administrative stage in the Area I Manager's Office of the Department of Labor in San Juan, Puerto Rico, at an administrative hearing held on May 28, 1963.

"That after this case had been decided and certain and specific conditions and errors in the claim had been stipulated; the workman now appears through a representative making a fabulous claim."

The court dismissed the motion for extension to plead, "for noncompliance with Act No. 2 of 1960 [*sic*]." Obviously it referred to the fact that the motion was not verified. On April 22 the parties were notified of the decision.

Two weeks later the Secretary requested that judgment be rendered on the basis of § 4 of said Act, 32 L.P.R.A.

§ 3121, which authorizes granting the remedy sought when defendant fails to file his answer in the manner and within the term provided in § 3, 32 L.P.R.A., § 3120. Judgment was rendered. Copy of the service of notice was filed in the record on May 26. Several months elapsed. The execution of judgment was requested in August. The funds defendant had at the Banco Crédito y Ahorro Ponceño were attached.

When defendant was notified of the attachment he filed a motion on September 21, requesting the stay of execution of judgment and that the judgment be set aside pursuant to Rule 49.2 of the Rules of Civil Procedure of 1958. On October 9 the trial court complied with the request and ordered that the case bet set for hearing. We issued the writ of certiorari to review this proceeding.

1. Section 7 of Act No. 2, *supra*, 32 L.P.R.A. § 3124, provides that the court shall retain the discretion granted by the Rule 49.2 cited, in cases of error, inadvertence, surprise, excusable negligence or fraud to set aside a judgment rendered in cases heard following the special summary procedure. It requires that: 1—the motion be filed within sixty days after the service of notice of the judgment on the parties, and, 2—the grounds shall be stated under oath. And it ends by stating that "Where said petition is not filed within the term and in the manner herein provided, the court shall dismiss it flatly."

Paragraph 4 of § 3 had already provided for the application of the Rules of Civil Procedure insofar as there was no conflict with the specific provisions of the special law or with the summary nature of the procedure. See *Matos Velázquez* v. *Proctor Manufacturing Corp.*, *ante*, p. 44, on the application of Rules 6.3 and 10.4—consolidation of defenses—in reference to Rule 13.1 on amendment of pleadings. Recently, in *Murphy Lugo* v. *Atlantic Southern Insurance Co.*, *ante*, p. 325, we applied Rule 49.2 and set aside a judgment because of an error of the court's clerk who on

his own initiative returned to defendant an unverified motion for extension filed by defendant.

■ However, the question involved in this action is that the motion under Rule 49.2—with the limitations contained in § 7[1]—was not filed within the sixty-day term after the service of notice of judgment. Pursuant to the six-month term provided in the former Rule 60, we have consistently held that it is fatal. *Banco Popular* v. *Superior Ct.*; *Domínguez, Int.*, 82 P.R.R. 236 (1961); *People* v. *632 Sq. Mts. of Land*, 74 P.R.R. 897 (1953); *Great Am. Ins. Co.* v. *District Court*, 67 P.R.R. 529 (1947). The same solution goes for the 60-day term of § 7, and with more justification considering the language in which the last sentence is drafted, which instructs the court to dismiss the motion flatly in case of noncompliance with the filing term. The summary nature of the procedure also requires the same solution.

■ 2. So far, everything indicates that the respondent court exceeded itself in the exercise of the power granted to it by § 7. Furthermore, in furtherance of justice, and inasmuch as the original record is complete in this Court, we must state that if the allegations in the so-called motion of extension are liberally construed, they were tantamount to a denial of the facts in the complaint because it specifically stated that the claim which gave rise to this process had been discussed administratively and decided against the workman's expectations. No matter the errors or omissions which complainant might have incurred in the procedural steps the fact is that the issue was joined and that, therefore, the court exceeded itself in entering judgment at com-

---

[1] It must be pointed out that the grounds on which the judgment may be asked to be set aside in cases of claims for wages prosecuted according to the special act do not include newly discovered essential evidence, the nullity or satisfaction of judgment and "any other reason justifying relief from the operation of the judgment."

plainant's request. *Cf. Gallart, Mgr.* v. *Banco Popular, ante,* p. 795.

For the reasons stated the case will be remanded to the trial court for the continuation of the proceedings.